```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,    )
    Plaintiff-Respondent,    )
                               )
            v.              ) 97-CR-30006-MAP
                               ) 12-CV-30110-MAP
DAVID SANCHEZ                )
    Defendant-Petitioner    )

## MEMORANDUM AND ORDER REGARDING
## CERTIFICATE OF APPEALABILITY

September 27, 2012

PONSOR, U.S.D.J.

On June 19, 2012, Petitioner filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. See Dkt. No. 177. The petition was rooted in an earlier conviction before then-Senior Judge Frank H. Freedman that resulted in a life sentence. The original sentence was reduced first to 360 months and then to 324 months. See Dkt. Nos. 157 & 176.

On June 19, 2012, Petitioner filed the motion to vacate currently under consideration. Dkt. No. 177. The Government's opposition (Dkt. No. 178) indicates that Petitioner has previously sought an appeal of the original conviction on the merits. This led to an affirmance of the conviction by the First Circuit on July 27, 1999. He has also filed a previous petition pursuant to 28 U.S.C. § 2255, which was granted in part and denied in part on August 17,

2000 by Sr. Judge Freedman. Petitioner then renewed his Petition to Amend or Correct his Sentence on January 7, 2002. This motion was denied by Sr. Judge Freedman on July 8, 2003, and this ruling was affirmed by the First Circuit on September 4, 2003. On September 22, 2005, Petitioner filed a Petitioner for Writ of Audita Querela, seeking to reduce his sentence. The undersigned denied this motion on January 19, 2006, and the First Circuit affirmed this ruling on September 29, 2006.

On May 14, 2007, Petitioner sought to reopen and supplement his original Motion to Vacate. This motion was denied by the court on May 30, 2007. As the government points out, the petition currently before the court is a second or successive § 2255 motion. The court therefore lacks jurisdiction to consider its merits unless or until leave is granted by the First Circuit. See Rule 22.2 of the Local Rules for the United States Court of Appeals for the First Circuit. Moreover, Petitioner's argument that his sentence cannot stand because the jury did not determine the quantity or type of cocaine base involved lacks merit substantively because the Supreme Court's Booker decision does not apply retroactively to cases on collateral review. Cirillo-Munoz v. U.S., 404 F.3d 527, 533 (1st Cir. 2005).

Thus, both as a second and successive petition, and for

substantive reasons, the current petition must be dismissed, and no ground exists for issuance of a Certificate of Appealability.  No reasonable jurist could differ with the ruling that the court issued in this matter.  For all these reasons, the court declines to issue a Certificate of Appealability.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge